UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN DARNELL RAGLAND, #191565,

    Plaintiff,   CIVIL ACTION NO. 10-13484

  v.   DISTRICT JUDGE AVERN COHN

CITY OF ST. LOUIS, MICHIGAN,   MAGISTRATE JUDGE MARK A. RANDON
ET AL.,

    Defendants.
_____/

**REPORT AND RECOMMENDATION TO GRANT DEFENDANT CITY
OF ST. LOUIS' MOTION TO DISMISS/FOR SUMMARY JUDGMENT (DKT. 13)**

### I. BACKGROUND

This is a *pro se* prisoner civil rights case. Plaintiff Kevin Ragland ("Plaintiff") is an inmate with the Michigan Department of Corrections ("MDOC"), formerly housed at the St. Louis Correctional Facility ("SLF") in St. Louis, Michigan ("the City").[1] Plaintiff brings this action under 42 U.S.C. § 1983, against fourteen Defendants, challenging the constitutionality of various conditions of his confinement. One of Plaintiff's allegations is that the City has violated the Eighth Amendment by supplying unsafe drinking water to the prison, causing him to suffer several physical ailments.

This matter is before the Court on the City's motion to dismiss and/or for summary judgment (Dkt. 13). The City moves for dismissal on two grounds: (1) that Plaintiff lacks standing to bring

---

[1] Plaintiff's Complaint avers that he is currently confined at the G. Robert Cotton Correctional Facility in Jackson, Michigan (Dkt. 1).

a claim against the City of St. Louis, and (2) that Plaintiff failed to allege that his injuries were caused by an unconstitutional policy or custom of the City. Essentially, Plaintiff's response to the City's motion is to request leave to amend to allege that a policy or custom of the City to violate the Eighth Amendment caused his injuries (Dkts. 18, 19). The City filed a reply brief (Dkt. 22) arguing that Plaintiff's proposed amendment still fails to state a claim, because the City does not own or run SLF; instead, the MDOC runs the facility and has complete control over the conditions of Plaintiff's confinement. For the reasons indicated below, **IT IS RECOMMENDED** that the City's dispositive motion be **GRANTED** and that the City be dismissed as a party to this lawsuit.

## II. ANALYSIS

### A. *Standard of Review*

Fed. R. Civ. P. 12(b)(6) provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. As the Supreme Court has recently made clear, "to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (holding that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."), quoting *Bell Atlantic v. Twombly*, 127 S.Ct. 1955, 1974 (2007). Although the pleader is given the benefit of the doubt as to inferences that can be derived from the allegations, that deference "does not extend to facts which are not 'well-pleaded.'" *Greenberg v. Compuware Corp.*, 889 F.Supp.1012, 1015-1016 (E.D. Mich. 1995).

Where a plaintiff is proceeding without the assistance of counsel, the court is required to liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hahn v. Star Bank*, 190 F.3d 708,

715 (6th Cir. 1999). However, courts may not rewrite a complaint to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), nor may courts construct the plaintiff's legal arguments for him. *See Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993). Neither may the court "conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), nor create a claim for the plaintiff, *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975), because to hold otherwise would require the court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Summary judgment is proper where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). For an issue to be genuine, there must be "a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party." *Kaucher v. County of Bucks*, 455 F.3d 418, 423 (3rd Cir. 2006). For a fact to be material, it must have the ability to "affect the outcome of the suit under governing law." *Id.* Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment.

The party moving for summary judgment has the burden of showing that no genuine issue of material fact exists. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). When the moving party does not bear the burden of proof at trial, the moving party may discharge its burden by showing that there is an absence of evidence to support the non-moving party's case. *Id.* at 325. If the moving party can make such a showing, then the burden shifts to the nonmoving party to present evidence that a genuine fact issue exists and a trial is necessary. *Id.* at 324. In meeting its burden, the non-moving party must offer specific facts that establish a material dispute, not simply create

"some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). In deciding whether an issue of material fact exists, the Court must consider all facts and their reasonable inferences in the light most favorable to the non-moving party. The Court's function, however, is not to weigh the evidence and rule on the truth of the matter, but rather to determine whether there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). If there are no issues that require a trial, then judgment as a matter of law is appropriate. *Id.* at 251-52.

      **B.**    ***Neither Plaintiff's Complaint Nor His Proposed Amended Complaint State a Claim Against the City for Violation of the Eighth Amendment***

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *See West v. Atkins,* 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.,* 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *See Albright v. Oliver,* 510 U.S. 266 (1994). In this case, Plaintiff claims the City violated the Eighth Amendment by providing allegedly "unsafe" drinking water to the entire City, including the prison where Plaintiff was incarcerated. However, as discussed below, under these circumstances Plaintiff cannot state a claim against the City of St. Louis for violation of the Eighth Amendment.

The Eighth Amendment imposes affirmative duties on *prison officials*, "who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter and medical care, and must 'take reasonable measures to guarantee the safety of

inmates.'" *Helling v. McKinney*, 509 U.S. 25, 31 (1993); *see also Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-527 (1984)). If the offending conduct is not a criminal penalty, then it must reflect an "unnecessary and wanton infliction of pain" to come within the Eighth Amendment prohibition on cruel and unusual punishment. *Ingraham v. Wright*, 430 U.S. 651, 670 (1977) (quoting *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). A municipality may also violate the Eighth Amendment for "harm to persons incarcerated *under its authority* 'if it maintains a policy that sanctions the maintenance of prison conditions that infringe upon the constitutional rights of the prisoners.'" *Estate of Novack ex rel. Turbin v. County of Wood*, 226 F.3d 525, 530 (7th Cir. 2000) (quoting *Payne v. Churchich*, 161 F.3d 1030, 1043 (7th Cir.1998)) (emphasis added).

In this case, Plaintiff cannot state a claim against the City because it is not a "prison official." The City does not own, operate or control SLF. Indeed, the only relationship between the City and SLF is that SLF is physically located within the City's boundaries – SLF is operated and controlled by the MDOC. Therefore, none of the prisoners at SLF are under the express or implied authority or care of the City and Plaintiff's Eighth Amendment claim against the City must fail. Moreover, on a more fundamental level, the City provides water to prisoners and its residents alike, *from the same water supply*; therefore, there are no circumstances under which this provision of water could amount to "cruel and unusual punishment" or "an unnecessary and wanton infliction of pain" upon Plaintiff. In sum, Plaintiff's claim against the City cannot lie and the City's alternative grounds for relief need not be analyzed.

### III. CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED** that Defendant City of St. Louis' Motion to Dismiss and/or Motion for Summary Judgment (Dkt.13) be **GRANTED** and the City of St. Louis dismissed with prejudice as a party to Plaintiff's lawsuit.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *See Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

                  s/Mark A. Randon
                  MARK A. RANDON
                  UNITED STATES MAGISTRATE JUDGE

Dated: August 5, 2011

<u>*Certificate of Service*</u>

*I hereby certify that a copy of the foregoing document was served on the parties of record on this date, August 5, 2011, electronically.*

<u>*s/Melody R. Miles*</u>
*Case Manager to Magistrate Judge Mark A. Randon*