UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN DARNELL RAGLAND,

    Plaintiff,

v.                                                    Case No. 10-13484

CITY OF ST. LOUIS, MICHIGAN,          HONORABLE AVERN COHN
et al.,

    Defendants.

_____/

## ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT (Doc. 59) AND FINDING PLAINTIFF'S OBJECTIONS TO THE MJRR WERE TIMELY

I.

This is a prisoner civil rights case under 42 U.S.C. § 1983. Plaintiff claims that defendants, the City of St. Louis, Michigan and various individuals, violated his constitutional rights. The complaint stems from plaintiff's incarceration in the St. Louis Correctional Facility (SLF). One of plaintiff's allegations was that the City of St. Louis violated the Eighth Amendment by supplying unsafe drinking water to the prison. The matter was referred to a magistrate judge for all pretrial proceedings. The City of St. Louis filed a motion to dismiss or for summary judgment.

On August 5, 2011, the magistrate judge issued a report and recommendation (MJRR), recommending that the motion be granted. The Court did not receive any objections to the MJRR, which were due to be filed within 14 days of service of the

MJRR, on or about August 22, 2011. Accordingly, on September 1, 2011, the Court adopted the MJRR and granted the City of St. Louis' motion. (Doc. 55). After the order was entered, the Court received plaintiff's objections. (Doc. 57). Plaintiff signed and dated the objections on August 15, 2011. However the objections were not file stamped until August 25, 2011 and were not entered on the Court's docket until September 1, 2011.

Be that as it may, the Court considered plaintiff's objections and found nothing in the objections which warranted reconsideration. As such, the Court issued an order overruling the objections on September 8, 2011. (Doc. 58). In the order adopting the MJRR and in the order overruling plaintiff's objections, the Court said that the objections were "not timely."

Before the Court is plaintiff's motion to alter or amend the judgment. For the reasons that follow, the motion is DENIED. However, the Court finds that plaintiff's objections to the MJRR were timely.

## II.

"Motions to alter or amend judgment may be granted if there is a clear error of law, newly discovered evidence, an intervening chang[e] in controlling law, or to prevent manifest injustice." Curry v. Eaton Corp., 400 Fed. Appx. 51, 72 (6th Cir. 2010) (citing GenCorp, Inc. v. Am. Int'l Underwriters, 178 F.3d 804, 834 (6th Cir. 1999).

Plaintiff fails to satisfy this standard. Plaintiff says that relief is warranted because his objections were timely filed and the Court erred in stating otherwise. Giving plaintiff the benefit of the prison mailbox rule, plaintiff is correct. His objections, which were signed and dated August 18, 2011, were indeed timely filed. For reasons

that are not clear, the objections were not file stamped as received until August 25, 2011 and were not docketed until September 1, 2011, the day the order adopting the MJRR was entered. In other words, the objections did not come to the Court's attention until after the MJRR was adopted.

Correcting the Court's statements that the objections were "not timely," does not entitle plaintiff to relief. While the Court now makes clear that the objections were timely, the error as to timeliness does not involve a clear error or law, an intervening change in the law, newly discovered evidence, or manifest injustice. Put simply, correcting the statements does not result in a different disposition of the case. Thus, plaintiff is not entitled to Rule 59(e) relief.[1]

SO ORDERED.

Dated: October 4, 2011                     S/Avern Cohn
                                           AVERN COHN
                                           UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was mailed to Kevin Ragland, 191565, G. Robert Cotton Correctional Facility, 3500 N. Elm Road, Jackson, MI 49201 and the attorneys of record on this date, October 4, 2011, by electronic and/or ordinary mail.

                                            S/Julie Owens
                                           Case Manager, (313) 234-5160

---

[1] Plaintiff also says that Rule 59(e) relief is warranted because the City of St. Louis is liable for the water contamination. This statement simply repeats plaintiff's substantive argument against summary judgment, which the magistrate judge and the Court have rejected. Plaintiff is not entitled to Rule 59(e) relief on this ground.