UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN DARNELL RAGLAND,

    Plaintiff,

v.                                                  Case No. 10-13484

AARON ALEXANDER, et al,                HONORABLE AVERN COHN
et al.,

    Defendants.

_____/

**MEMORANDUM AND ORDER**
**OVERRULING PLAINTIFF'S OBJECTIONS (Doc. 63)**
**AND**
**ADOPTING REPORT AND RECOMMENDATION (Doc. 62)**
**AND**
**GRANTING DEFENDANTS' DISPOSITIVE MOTIONS (Docs. 32, 38, 40, 43, and 47)**
**AND**
**DISMISSING UNSERVED DEFENDANTS WITHOUT PREJUDICE**
**AND**
**DISMISSING CASE**

I.

This is a prisoner civil rights case under 42 U.S.C. § 1983. Plaintiff claims that defendants, various employees of the Michigan Department of Corrections (MDOC) violated his constitutional rights.[1] The complaint stems from plaintiff's incarceration in the St. Louis Correctional Facility (SLF). The matter was referred to a magistrate judge for all pretrial proceedings. Thereafter, defendants filed five dispositive motions,

---

[1] Plaintiff also sued the City of St. Louis, Michigan, challenging the safety of the drinking water that the city supplied. The Court, upon recommendation of the magistrate judge, dismissed plaintiff's claims against the city. See Doc. 55.

through which thirteen defendants sought dismissal of plaintiff's claims, as follows:

1. Aaron Alexander, Barbara Finch, James Hogan, Linda Adams, Gregory Corrin, Mitchell Ross, Laura McCormick, Nick Ludwick and Susan Havelka's (a/k/a Susan Duma) motion for summary judgment (Doc. 32)

2. Prison Heal Services, Inc.'s ("PHS") motion to dismiss (Doc. 38)

3. Correctional Services, Inc.'s ("CMS") motion to dismiss (Doc. 40)

4. Victor Fisher and Ryan Dove's motion for summary judgment (Doc. 43)

5. Charles Sivick's motion for summary judgment (Doc. 47)

The magistrate judge issued a report and recommendation (MJRR), recommending that all five motions be granted and plaintiff's claims against defendants be dismissed with prejudice. The magistrate judge also recommended that plaintiff's claims against the two remaining unserved defendants, Tullar and Peppadick, be dismissed without prejudice. (Doc. 62).

Before the Court are plaintiff's objections to the MJRR. For the reasons that follow, the objections will be overruled, the MJRR will be adopted, defendants' motions will be granted, and the case will be dismissed.

II.

A district court must conduct a de novo review of the parts of a magistrate judge's report and recommendation to which a party objects. 28 U.S.C. § 636(b)(1). The district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate" judge. Id. The requirement of de novo review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure." United States v. Shami, 754 F.2d 670, 672 (6th Cir. 1985).

A general objection, or one that merely restates the arguments previously presented, is not sufficient to alert the court to alleged errors on the part of the magistrate judge.  An "objection" that does nothing more than state a disagreement with a magistrate judge's suggested resolution, or simply summarizes what has been presented before, is not an objection as that term is used in this context.  <u>Howard v. Sec'y of Health and Human Servs.</u>, 932 F.2d 505, 508 (6th Cir. 1991) ("It is arguable in this case that Howard's counsel did not file objections at all.... [I]t is hard to see how a district court reading [the 'objections'] would know what Howard thought the magistrate had done wrong.").

Moreover, the failure to file objections to the MJRR waives any further right to appeal.  <u>Smith v. Detroit Federation of Teachers Local 231</u>, 829 F.2d 1370, 1373 (6th Cir. 1987).  Likewise, the failure to object to the MJRR releases the Court from its duty to independently review the motions.  <u>Thomas v. Arn</u>, 474 U.S. 140, 149 (1985).

III.

As an initial matter, plaintiff objects only to the dismissal of defendants Charles Sivick (Sivick), Mitchell Ross (Ross), Gregory Corrin (Corrin) and to the dismissal of the unserved defendants.  Because plaintiff has not objected to the dismissal of his claims against the remaining defendants,[2] the Court need not further review the MJRR or the motions.  However, the Court has reviewed the MJRR regarding those defendants and agrees with the magistrate judge that they are entitled to the dismissal of plaintiff's

---

[2]These defendants are:  Aaron Alexander, Barbara Finch, James Hogan, Linda Adama Laura McCormick, Nick Ludwick, Susan Havelka a/k/a Susan Dunn, PHS,CMS, Victor Fisher and Ryan Dove.

claims against them for the reasons set forth in the MJRR.

As to Sivick, plaintiff claims that he wrote a retaliatory and false misconduct charge against him for possession of stolen books on March 8, 2010. The magistrate judge concluded that plaintiff claims against him must be dismissed because he had failed to exhaust his administrative remedies. Plaintiff objects, contending, as he did before the magistrate judge, that he was prevented from filing a grievance naming Sivick because decisions made in hearings cannot be grieved. This objection is not well-taken. As the magistrate judge explained, plaintiff's complaint is that the misconduct charge was retaliatory, not the hearing officer's decision, and plaintiff could have grieved that alleged retaliatory charge. While plaintiff filed several grievances, none of them name Sivick or his alleged retaliatory conduct. The Court therefore agrees that plaintiff has not exhausted his administrative remedies with respect to his claims against Sivick.

As to Corrin, plaintiff alleges that he was verbally threatened by Corrin who then wrote a retaliatory misconduct charge against him on June 26, 2009. Corrin issued a misconduct charge against plaintiff because he refused to comply with a direct order and used degrading language in violation of the disciplinary rules. Plaintiff was found guilty of the misconduct charges after an administrative hearing. Plaintiff says that Corrin told him he would "get" him for filing a grievance against defendant Ross.

The magistrate judge recommends that plaintiff's claims against Corrin be dismissed, relying on authority holding that a finding of guilt on a misconduct charge essentially precludes a retaliation claim. Plaintiff offers no contrary authority. This objection is overruled.

As to Ross, plaintiff filed a grievance alleging that on April 7, 2009, Ross touched plaintiff's genital area in a sexual manner and used sexually degrading language. Plaintiff also alleges that Ross harassed him on May 15, 2009 and lied on a misconduct charge he wrote against plaintiff on February 8, 2010, in retaliation for plaintiff filing a grievance against him.

The magistrate judge found that plaintiff's sexual harassment allegations were insufficient as a matter of law to make out an Eight Amendment claim. The magistrate judge also concluded that plaintiff failed to establish a retaliation claim because he could not show a causal connection between the incident of April 2009 and the alleged retaliatory misconduct filed ten months later. Plaintiff's objections essentially repeat the same arguments considered and rejected by the magistrate judge. The Court agrees with the magistrate judge's analysis and recommendation regarding plaintiff's claims against Ross.

Finally, plaintiff objects to the dismissal of the two unserved defendants, contending he does not know why they were not served. As the magistrate judge explained, neither defendant Tullar or Peppadick has been served and this case has been pending more than a year, during which plaintiff filed several motions, demonstrating his ability to litigate a case. At no time did plaintiff inquire about whether these defendant have been served or request additional time for service. Under these circumstances, the Court agrees with the magistrate judge's recommendation that a dismissal of the unserved defendants without prejudice is appropriate.

IV.

5

Accordingly, for the reasons stated above, plaintiff's objections are OVERRULED. The MJRR is ADOPTED as the findings and conclusions of the Court. Defendants' dispositive motions are GRANTED. Plaintiff's claims against the moving defendants are DISMISSED WITH PREJUDICE. The unserved defendants are DISMISSED WITHOUT PREJUDICE.

SO ORDERED.

    S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: February 16, 2012


I hereby certify that a copy of the foregoing document was mailed to Kevin Ragland, 191565, G. Robert Cotton Correctional Facility, 3500 N. Elm Road, Jackson, MI 49201 and the attorneys of record on this date, February 16, 2012, by electronic and/or ordinary mail.

    S/Julie Owens
Case Manager, (313) 234-5160